IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA          )
                                  )
v.                                )          CASE NO. 1:07-cr-216-MEF
                                  )                    (WO)
ALEXANDER RUSSAW                  )

# **O R D E R**

On February 27, 2008, the defendant filed an Unopposed Motion to Continue Trial

(Doc. #19).  While the granting of a continuance is left to the sound discretion of the trial

judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course,

limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Speedy Trial Act

provides generally that the trial of a defendant in a criminal case shall commence within 70

days of the latter of the filing date of the indictment or the date the defendant appeared before

a judicial officer in such matter.  18 U.S.C. §3161(c)(1).  *See United States v. Vasser*, 916

F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on

the basis of his findings that the ends of justice served by taking such action outweigh the

best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(8)(A).

The motion states that defense counsel's investigation has revealed that defendant has

a history of mental illness.  Defense counsel is in the process of having the defendant

evaluated by clinical psychologist Dr. Catherine Boyer.  Dr. Boyer has not yet completed her

evaluation as she is still awaiting the receipt of mental health and school records for the

defendant.  Without these records, Dr. Boyer will be unable to provide defense with an accurate assessment of the defendant's mental condition.  Until this evaluation is complete, defense counsel is unable to determine if it is relevant for issues of competence, trial, and sentencing and is unable to properly advise the defendant.  Counsel for the government does not oppose a continuance.  Consequently, the court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial.  *See United States v. Davenport*, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1.  That the defendant's motions filed on February 27, 2008 is GRANTED;

2.  That the trial of this case is continued from the March 17, 2008 trial term to the April 21, 2008 trial term in Dothan, Alabama.

3.  That the Magistrate Judge conduct a pretrial conference prior to the April 21, 2008 trial term.

DONE this the 3rd day of March, 2008.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE